UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                               No. 07-13647

v.                                         District Judge Linda V. Parker
                                            Magistrate Judge R. Steven Whalen

KENTON HALLIBURTON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a student loan case. On March 24, 2017, Defendant Kenton Halliburton filed a Request for Hearing/Objection to Garnishment [Doc. #21] issued as to Garnishee Morgan Chase Bank NA ("Chase"). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Request and Objection be DENIED AS MOOT.[1]

## DISCUSSION

In its response to Plaintiff's request for a hearing [Doc. #24], Plaintiff confirmed that Mr. Halliburton's accounts at Chase are closed, rendering issues regarding the writ of garnishment moot. In addition, in its supplemental response [Doc. #29], Plaintiff indicates that the Department of Education approved Mr. Halliburton's Application for Total and Permanent Disability. As a result, his student loans are subject to discharge, and there will be no further garnishments. On July 6, 2017, Plaintiff withdrew its Writ of Continuing Garnishment for the State of Michigan Treasury refund issued to Mr.

---

[1] Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

Halliburton [Doc. #32].  In short, Mr. Halliburton's present request [Doc. #21] should be denied as moot.

## CONCLUSION

I recommend that Mr. Halliburton's Request for Hearing on Garnishment [Doc. #21] be DENIED AS MOOT.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2017

## CERTIFICATE OF SERVICE

      I hereby certify on July 25, 2017, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 25, 2017.

                                           s/Carolyn Ciesla
                                           Case Manager to
                                           Magistrate Judge R. Steven Whalen